UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZIMRI HAMPTON<br><br>  Plaintiff,<br>v.<br><br>KASON CREDIT CORPORATION<br><br>  Defendant. | **COMPLAINT AND JURY DEMAND** |

# INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote and passed the Fair Debt Collection Practices Act to eliminate abusive debt collections practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. This action arises out of Defendant Kason Credit Corporation's illegal efforts to collect a consumer debt from Plaintiff in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; the Massachusetts Debt Collection Practices Act ("MDCPA"), G.L. c. 93, § 24A; and the Massachusetts Consumer Protection Act ("MCPA"), G.L. c. 93A § 2 *et seq*.

**JURISDICTION & VENUE**

3. The Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises under the laws of the United States and is brought pursuant to the FDCPA, 15 U.S.C. § 1692, *et seq*.

4. This Court has supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this Court because, pursuant to 28 U.S.C. § 1391(b), a substantial portion of the acts giving rise to this action occurred within the Commonwealth of Massachusetts.

**PARTIES**

6. Plaintiff Zimri Hampton ("Ms. Hampton" or "Plaintiff") is a natural person residing in the Commonwealth of Massachusetts.

7. Defendant Kason Credit Corporation ("Kason" or "Defendant") is a corporation organized under the laws of Connecticut with is principal office located in Connecticut.

8. The principal purpose of Kason's business is the collection of debts.

9. Kason uses at least one instrumentality of interstate commerce or the mails in its business.

10. Kason regularly collects or attempts to collect, directly or indirectly, debts owed or due (or asserted to be owed or due) another.

11. Ms. Hampton suffered an injury in fact that is traceable to the acts and/or omissions of Defendant, which is likely to be redressed by a favorable decision in this matter.

## COMMON FACTS

12. On or about July 25, 2019, Kason mailed a letter (the "Letter") to Ms. Hampton, a copy of which is attached hereto (**Exhibit A**).

13. The Letter was mailed to Ms. Hampton at 51 Erie Avenue, Worcester, Massachusetts.

14. Kason sent the Letter to Ms. Hampton in connection with the attempt to collect a debt.

15. Among other things, the Letter stated the following:

To: ZIMRI HAMPTON

This is to notify you that further proceedings are being considered against you in regards to the above referenced account.

Asset information is being accumulated which may be used should these proceedings become necessary.

Your lack of attention and cooperation have made these considerations necessary.

Call us today or send **PAYMENT IN FULL** immediately.

(Ex. A). (Emphasis in original).

16. The Letter stated that it was an attempt to collect a debt.

17. The Letter stated that Kason is a debt collection agency.

18. The Letter requested payment in the amount of $867.36, which the Letter stated was owed to East Windsor Ambulance.

19. The Letter included a payment coupon for Ms. Hampton to detach and return with the requested payment of $867.36.

20. The debt Ms. Hampton owed to East Windsor Ambulance was incurred from personal, family, or household purposes.

21. The debt Ms. Hampton owed to East Windsor Ambulance was incurred from consumer purposes.

22. The debt Ms. Hampton owed to East Windsor Ambulance was not incurred for business purposes.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e

23. The preceding allegations are incorporated by reference.

24. As of July 25, 2019, Kason was not licensed to operate as a debt collector in the Commonwealth of Massachusetts.

25. Pursuant to G.L. c. 93, § 24A(a), Kason was prohibited from engaging in the business of a debt collector without first obtaining a license to do so.

26. By mailing the Letter to Ms. Hampton, Kason engaged in the business of a debt collector in the Commonwealth of Massachusetts notwithstanding that it was not licensed to do so.

27. Kason is a "debt collector" as that term is defined in § 1692a of the FDCPA.

28. Pursuant to 15 U.S.C. § 1692e, a debt collector is prohibited from making any false, deceptive, or misleading representation or means in connection with the collection of any debt.

29. Pursuant to 15 U.S.C. § 1692e(5), a debt collector is prohibited from taking or threatening to take any action that cannot legally be taken or that is not intended to be taken.

30. Pursuant to 15 U.S.C. § 1692e(10), a debt collector is prohibited from the use of any false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer.

31. Pursuant to 15 U.S.C. § 1692(f), a debt collector is prohibited from the use of any unfair or unconscionable means to collect or attempt to collect any debt.

32. The Letter sent to Ms. Hampton violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and/or 1692f.

33. Ms. Hampton suffered economic and non-economic damages due to Defendant's unlawful actions.

### COUNT II
### VIOLATION OF THE MASSACHUSETTS DEBT COLLECTION PRACTICES ACT
### G.L. c. 93, § 24

34. The preceding allegations are incorporated by reference.

35. Kason is a "debt collector" as that term is defined in G.L. c. 93, § 24.

36. Pursuant to G.L. c. 93, § 24A(a), "No person shall directly or indirectly engage in the commonwealth in the business of a debt collector, or engage in the commonwealth in soliciting the right to collect or receive payment for another of an account, bill or other indebtedness, or advertise for or solicit in print the right to collect or receive payment for another of an account, bill or other indebtedness, without first obtaining from the commissioner a license to carry on the business, nor unless the person or the person for whom he or it may be acting as agent has on file with the state treasurer a good and sufficient bond." G.L. c. 93, § 24A(a).

37. Kason engaged in unlicensed debt collection efforts against Ms. Hampton in violation of G.L. c. 93, § 24A(a).

38. Ms. Hampton is entitled to make a claim pursuant to G.L. c. 93, § 12.

39. Ms. Hampton suffered economic and non-economic damages due to Defendant's unlawful actions.

## COUNT III
## VIOLATION OF G.L. c. 93, § 49

40. The preceding allegations are incorporated by reference.

41. Pursuant to G.L. c. 93, § 49, Kason is prohibited from engaging in efforts to collect or attempt to collect a consumer debt in an unfair, deceptive, or unreasonable manner.

42. Kason engaged in unlicensed debt collection efforts against Ms. Hampton in violation of G.L. c. 93, § 49.

43. Ms. Hampton is entitled to make a claim pursuant to G.L. c. 93, § 12.

44. Ms. Hampton suffered economic and non-economic damages due to Defendant's unlawful actions.

## COUNT IV
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT
## G.L. c. 93A, § 2

45. The preceding allegations are incorporated by reference.

46. Kason is engaged in trade in Massachusetts.

47. Kason is engaged in commerce in Massachusetts

48. Kason does not maintain a place of business within the Commonwealth of Massachusetts

49. Kason does not keep assets within the Commonwealth of Massachusetts.

50. Pursuant to G.L. c. 93A, § 2, Kason is prohibited from engaging in unfair or deceptive acts or practices.

51. Although the terms "unfair" and "deceptive" are not defined in the statute, courts have typically found a practice to be unfair if it is "(1) within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [or] (3) whether it causes substantial injury to consumers." *PMP Associates, Inc. v. Globe Newspaper Co*., 366 Mass. 593, 596, 321 N.E.2d. 915, 917 (1975). Furthermore, "an act or practice is deceptive it is possesses a tendency to deceive. In determining whether an act or practice is deceptive, regard must be had, not to fine spun distinctions and arguments that may be made in excuse, but to the effect which it might reasonably be expected to have upon the general public." *Leardi v. Brown*, 394 Mass. 151, 156, 474 N.E.2d 1094, 1099 (1985).

52. Kason engaged in unfair or deceptive acts or practices in violation of G.L. c. 93A, § 2 by engaging in unlicensed debt collection efforts against Ms. Hampton.

53. Kason's action(s) was also a *per se* violation of G.L. c. 93A, § 2, as it violated G.L. c. 93, § 24A. Pursuant to G.L. c. 93, § 28, a violation of § 24A "shall constitute an unfair or deceptive act or practice" under the Massachusetts Consumer Protection Act, G.L. c. 93A, § 2.

54. Kason's action(s) was also a *per se* violation of G.L. c. 93A, § 2, as it violated G.L. c. 93, § 49. Pursuant to G.L. c. 93, § 49, a violation of § 49 "shall constitute an unfair or deceptive act or practice" under the Massachusetts Consumer Protection Act, G.L. c. 93A, § 2.

55. Kason's action(s) was also a *per se* violation of G.L. c. 93A, § 2, as it violated the Federal Trade Commission Act ("FTC"). Pursuant to 15 U.S.C. § 1692l(a), a violation of the FDPCA is a *per se* violation of the FTC, and Massachusetts has "wholly incorporated" the FTC

such that a violation of the FTC is a *per se* violation of G.L. 93A, § 2. *McDermott* v. *Marcus, Errico, Emmer & Brooks, P.C.*, 775 F.3d 109, 123 (1st Cir. 2014).

56.   Because Kason does not maintain a place of business or keep assets within the Commonwealth, it was not entitled to receive a pre-suit demand letter from Ms. Hampton pursuant to G.L. c. 93A, § 9.

57.   Ms. Hampton is therefore entitled to make a claim pursuant to G.L. c. 93A, § 9, notwithstanding that she did not send Kason a pre-suit demand letter. *See Moronta v. Nationstar Mortgage, LLC*, 476 Mass. 1013, 64 N.E.3d 1287 (2016).

58.   Ms. Hampton suffered economic and non-economic damages due to Defendant's unlawful actions.

## REQUEST FOR RELIEF

WHEREFORE, Ms. Hampton requests that the Court issue judgment in her favor and against Kason Credit Corporation, as well as the following relief:

A.  Judgment that Kason violated the Fair Debt Collection Practices Act;

B.  Judgment that Kason violated the Massachusetts Debt Collection Practices Act;

C.  Judgment that Kason violated the Massachusetts Consumer Protection Act;

D.  Actual and compensatory damages;

E.  Treble damages;

F.  Statutory damages;

G.  Costs and attorney's fees; and

H.  All other relief to which she is entitled at law or equity.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

                    Respectfully submitted,

                    Plaintiff,
                    Zimri Hampton
                    By Counsel,

                    */s/ Christopher M. Brine*
                    Christopher M. Brine (BBO 679289)
                    Brine Consumer Law
                    100 Grove Street, Suite 116
                    Worcester, MA 01605
                    P – (508) 556-1899
                    F – (508) 556-9951
                    cmb@brineconsumerlaw.com

Date: July 17, 2020

**KASON CREDIT CORPORATION**
PO Box 1189 * Enfield CT  06083-1189
Telephone: 800-949-7753
Office Hours: Monday - Friday 8:00am - 4:30pm

July 25, 2019

ZIMRI HAMPTON
51 Erie Ave
Worcester MA 01605-1656

Account Number:     435908
Balance:            $867.36



EXHIBIT A

| Clnt# | Creditor | Regarding | Amt Owed |
|---|---|---|---|
| M1375 | EAST WINDSOR AMBULANCE | ZIMRI HAMPTON | 867.36 |

To: ZIMRI HAMPTON

This is to notify you that further proceedings are being considered against you in regards to the above referenced account.

Asset information is being accumulated which may be used should these proceedings become necessary.

Your lack of attention and cooperation have made these considerations necessary.

Call us today or send **PAYMENT IN FULL** immediately.

For your convenience, you may go to paykcc.com to set up online payment/s via check, debit, Visa or Mastercard.  We do not charge a fee for this service.  You will need to reference your account 435908, and the creditor's name above.

This is an attempt to collect a debt.
Any information obtained will be used for that purpose.
Kason Credit Corporation is a debt collection agency.

rev/krd/111814

435--H6-6/2/15

*** Detach Lower Portion And Return With Payment ***

Y23AF083B5

PO Box 1189
Enfield CT 06083-1189
RETURN SERVICE REQUESTED

IF YOU WISH TO PAY BY CREDIT CARD, CIRCLE ONE AND FILL IN THE INFORMATION BELOW.

MasterCard   VISA

| CARD NUMBER | | EXP. DATE |
|---|---|---|
| CARD HOLDER NAME | | CVV |
| SIGNATURE | AMOUNT PAID | |

Account Number:    435908
Balance:           $867.36

000812002401233851300160516551---Y23AF083B5 435
ZIMRI HAMPTON
51 Erie Ave
Worcester MA 01605-1656

Kason Credit Corp.
PO Box 1189
Enfield CT 06083-1189

